## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 18 2018, 10:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul D. Ludwig
Redman Ludwig, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Robert S. McCrea
McCrea & McCrea
Bloomington, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brenda A. Kyle,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Disque, Inc.,<br>*Appellee-Defendant.* | April 18, 2018<br><br>Court of Appeals Case No.<br>53A01-1710-SC-2481<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Douglas Van Winkle, Senior Judge<br><br>Trial Court Cause No.<br>53C08-1611-SC-2465 |

**Bradford, Judge.**

# Case Summary

Appellant-Plaintiff Brenda Kyle entered into an agreement to purchase certain business assets from Appellee-Defendant Disque, Inc., for the purpose of operating a beauty salon in Bloomington. One term of the parties' purchase agreement was that Disque would obtain its landlord's approval of a sublease of the salon space to Kyle. A dispute arose after Kyle accused Disque of failing to acquire this approval.

Kyle subsequently filed a small claims court action against Disque arguing that Disque's alleged failure to acquire the landlord's approval of the sublease was a breach of the purchase agreement. In light of this alleged breach, Kyle sought a rescission of the parties' purchase agreement and a monetary judgment against Disque. Following a bench trial, the small claims court found that, contrary to Kyle's assertion, the evidence demonstrated that the landlord did approve of the sublease. Thus, the small claims court found that Kyle had failed to prove that she was entitled to recover a monetary judgment against Disque. On appeal, Kyle contends that judgment of the small claims court is clearly erroneous. Because we disagree, we affirm.

# Facts and Procedural History

From 2004 to December 17, 2013, Disque owned and operated a hair salon spa in Bloomington called Les Champs Elysees and Spa. In the fall of 2013, Disque put the business up for sale. Kyle contacted Disque's selling agent and

expressed interest in purchasing the business. Kyle eventually agreed to purchase the business for $80,000.

[4] On December 17, 2013, the parties entered into a purchase agreement and executed a bill of sale of the business.[1] The purchase agreement included: (1) a promissory note; (2) Kyle's personal guarantee for payment of the purchase price; (3) a Security Agreement for certain equipment, identifying Disque as the secured party; and (4) a sublease agreement for the rented space where the business was located.

[5] Kyle took possession of both the business and the rented space on December 17, 2013. For the first couple of months after executing the purchase agreement and taking possession of the subleased space, Kyle made payments pursuant to the terms of the purchase agreement and the sublease. At some point, however, Kyle stopped making these payments. Kyle abandoned the subleased space and equipment included in the purchase agreement sometime in March of 2014.

[6] On November 21, 2016, Kyle filed two separate small claims actions against representatives of Disque. During a February 8, 2017 status conference, counsel for Disque expressed his intention to file a motion to dismiss and modify the caption to identify Disque as the real party in interest. On February 24, 2017, the small claims court issued an order dismissing one of the actions

---

[1] Coiffed Corporation was listed as the buyer in the purchase agreement. Kyle entered into the agreement as CEO of Coiffed Corporation. However, it does not appear that she brought the underlying lawsuit on behalf of Coiffed Corporation, but rather on her own behalf.

filed by Kyle and modifying the caption of the other to identify Disque as the real party in interest to the lawsuit. In the intervening months, Kyle filed numerous documents styled as amended pleadings and Disque filed a counterclaim against Kyle.

[7] On October 2, 2017, the small claims court conducted a bench trial during which both parties presented evidence and witness testimony. The next day, on October 3, 2017, the small claims court issued an order stating the following:

> Having considered the evidence and the arguments of counsel, the Court finds that neither party has demonstrated entitlement to recover a monetary judgment.
>
> IT IS THEREFORE ORDERED that the Claimant take nothing by way of her claim.
>
> IT IS FURTHER ORDERED that the counter claimant take nothing by way of its counterclaim.

Appellant's App. Vol. II, p. 8.[2]

# Discussion and Decision

[8] Kyle contends that the small claims court erred in finding that she failed to demonstrate that she was entitled to receive a monetary judgment against Disque.

---

[2] Disque does not appeal the small claims court's order that it take nothing by way of its counterclaim.

> The clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067 (Ind. 2006). This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Id*. at 1067–68. In determining whether a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Counceller v. Ecenbarger, Inc.*, 834 N.E.2d 1018, 1021 (Ind. Ct. App. 2005).

*Kalwitz v. Kalwitz*, 934 N.E.2d 741, 748 (Ind. Ct. App. 2010). Further, the parties in a small claims court bear the same burdens of proof as they would in a regular civil action on the same issues. *LTL Truck Serv., LLC v. Safeguard, Inc.*, 817 N.E.2d 664, 668 (Ind. Ct. App. 2004).

> While the method of proof may be informal, the relaxation of evidentiary rules is not the equivalent of relaxation of the burden of proof. It is incumbent upon the party who bears the burden of proof to demonstrate that it is entitled to the recovery sought.

*Id*. (internal citations omitted). With respect to damages, the burden of proof "is with the plaintiff." *Id*. A fact-finder may not award damages on the mere basis of conjecture or speculation. *Id*.

[9] On appeal, Kyle argues that as a result of Disque's failure to obtain the landlord's approval of the sublease, she was constructively evicted from the leased space and that this constructive eviction amounted to a breach of

contract sufficient to warrant a rescission of the purchase agreement. Kyle also argues that Disque unjustly received funds under false pretenses as the purchase agreement indicated that Disque would acquire the landlord's approval of the sublease.

[10] The crux of Kyle's arguments seems to be that Disque breached the terms of the purchase agreement because it failed to acquire the landlord's approval of the sublease agreed to by Kyle and Disque as part of the purchase agreement. Thus, Kyle argues that the purchase agreement should be rescinded because its terms could not be met. Contrary to Kyle's argument, however, the facts most favorable to the judgment demonstrate that the landlord did agree to the sublease.

[11] The record reveals that on March 18, 2014, a representative of the landlord emailed Kyle the following message:

> You have informed the Cederview Management office that you are no longer occupying the commercial salon space located at 601 N. College Avenue.[3]
>
> Please note that we consider your Sublease to be in full effect and that you are responsible for all terms and conditions under this sublease. This would include keeping all utilities in your name. Please have the electric service placed back into your name for the duration of the Sublease term. Any utility bills our office

---

[3] The evidence before the small claims court suggests that Kyle made the unilateral decision to vacate the property prior to the end of the lease term.

pays on your behalf will be billed back to you along with any administration fees called for in the original Lease Agreement.

Appellee's App. Vol. II, p. 24. Approximately two days later, the representative of the landlord sent the following message to Kyle's attorney:

I hope to clear up any misconceptions regarding Cedarview Management (Landlord) and/or myself with this email.

**** 

Myself and our Vice President of Finance attended the meeting with Ms. Kyle on March 4th.

Ms. Kyle's first question at the outset of the meeting was regarding extending her lease term when her sublease ended in August. I explained the Owner and I were meeting later that week or early the following week to discuss commercial leases, as there were a few coming up for renewal in the future months, including her sublease.…

It was then that Ms. Kyle mentioned she could not get "her loan" due to fraudulent paperwork.… Ms. Kyle then said her Sublease was not valid due to the Sublease being based on a fraudulent Purchase Agreement. My response was that it was a valid Sublease.

****

At no time did I ask Ms. Kyle to leave or tell her to vacate the premises, nor in any manner did I indicate Ms. Kyle's continued tenancy as a sub-lessee would be interrupted.

The Sublease was approved by the Landlord. Let me point out if

the Sublease had not been approved, Ms. Kyle would not have been given possession of the premises by Landlord, nor would the Landlord have collected rent from her, nor would she have been allowed to install signage on the building.…

Appellee's App. Vol. II, pp. 22–23. These emails demonstrate that the landlord did approve the sublease outlined in the purchase agreement. Kyle's claim to the contrary is based solely on her own self-serving testimony and amounts to nothing more than an invitation for this court to reweigh the evidence, which we will not do. *See Kalwitz*, 934 N.E.2d at 748.

[12] Kyle bore the burden to prove that she was entitled to recovery a monetary judgment against Disque. *See LTL Truck Serv.*, 817 N.E.2d at 668. Again, Kyle's claims against Disque stemmed from her belief that Disque failed to acquire the landlord's approval of the sublease. Because this belief is not consistent with the evidence presented before the small claims court, we conclude that the small claims court's determination that Kyle failed to prove that she was entitled to receive the requested relief was not clearly erroneous.

[13] The judgment of the small claims court is affirmed.

Baker, J., and Kirsch, J., concur.