## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 04 2020, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher J. McElwee
Monday McElwee Albright
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Kevin L. Moyer
Moyer Law Firm
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Facility Maintenance USA, LLC,

*Appellant-Defendant,*

v.

Brown Sprinkler Corporation,

*Appellee-Plaintiff*

November 4, 2020

Court of Appeals Case No.
19A-SC-2827

Appeal from the
Marion Small Claims Court

The Honorable
Kimberly J. Bacon, Judge

Trial Court Cause No.
49K03-1904-SC-1882

**Vaidik, Judge.**

# Case Summary

[1] Facility Maintenance USA, LLC, contracted for Brown Sprinkler Corporation to install a sprinkler system in a commercial building. However, Facility

Maintenance later refused to pay Brown Sprinkler the final $7,000 owed, arguing Brown Sprinkler breached the contract. Brown Sprinkler then sued in small-claims court, and the court found for Brown Sprinkler. We affirm.

# Facts and Procedural History

In July 2018, Facility Maintenance contracted for Brown Sprinkler to design and install a sprinkler system at a commercial building on the northeast side of Indianapolis for $45,400. The contract stated Brown Sprinkler was to "comply with local state and city building codes[.]" Ex. p. 4. Brown Sprinkler installed the system in compliance with a plan approved by the City of Indianapolis and the State of Indiana. However, when the project was almost complete, the Indianapolis Fire Department asked Brown Sprinkler to relocate the fire-department connection (FDC), despite the original FDC location being "accessible by all of the things [] the fire code require[d]." Tr. p. 32. The fire department granted a "release based on the new location of the FDC." Ex. p. 42.

Brown Sprinkler sent Facility Maintenance a change order stating Brown Sprinkler would relocate the FDC for an additional $2,944.15. Facility Maintenance did not sign the change order because it believed the relocation "was part of the original deal." Tr. p. 21. Without a signed change order, Brown Sprinkler did not relocate the FDC. Facility Maintenance refused to pay Brown Sprinkler the final $7,000 of the $45,400 owed under the July 2018 contract, arguing Brown Sprinkler was required under that contract to relocate

the FDC at no additional cost. Brown Sprinkler then filed a small-claims action against Facility Maintenance for the $7,000 owed under the contract. At the hearing, Brown Sprinkler argued relocating the FDC was not required under the July 2018 contract, it had completed all work required under the July 2018 contract, and Facility Maintenance was in breach for the $7,000 owed. Facility Maintenance argued the relocation of the FDC was required under the July 2018 contract, and therefore Brown Sprinkler breached by not completing the relocation at no additional cost.

[4] The court took the matter under advisement and later issued a judgment for Brown Sprinkler and against Facility Maintenance for $7,000 plus court costs.

[5] Facility Maintenance now appeals.

# Discussion and Decision

[6] Facility Maintenance appeals the small-claims court's judgment in favor of Brown Sprinkler. Small-claims actions involve informal trials with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003). We will reverse only upon clear error. *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 748 (Ind. Ct. App. 2010), *trans. denied*. We will neither reweigh the evidence nor assess witness credibility and will consider only the evidence most favorable to the judgment. *Id.* But this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from a

court of general jurisdiction. *Lae*, 789 N.E.2d at 483. The issue in this case turns on the meaning of the parties' July 2018 contract, which is a pure question of law and is reviewed de novo. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). When a contract is clear and unambiguous, the language must be given its plain meaning. *Tippecanoe Valley Sch. Corp. v. Landis,* 698 N.E.2d 1218, 1221 (Ind. Ct. App. 1998), *trans. denied*.

[7] Facility Maintenance argues Brown Sprinkler breached the contract because the suppression system "was to be installed pursuant to all local codes, which included the fire department's release of the FDC." Appellant's Br. p. 7. However, the contract contains no mention of the fire department's approval or "release," requiring only compliance with "local state and city building codes[.]" Ex. p. 4. The plain meaning of the term "building code" does not include a fire department's "release," and Facility Maintenance fails to offer evidence or legal authority suggesting the fire department's release is a code requirement. And tellingly, Facility Maintenance cites no code provision the current FDC location allegedly violates. In contrast, Brown Sprinkler testified repeatedly that the original design and location of the FDC was code compliant, as the original location made the FDC "accessible by all of the things [] the fire code requires." Tr. p. 32. Nonetheless, the fire department could request a relocation because it has the authority to "throw[] out" the codebook and "ask for anything[.]" *Id.* at 31. Because the contract required only code compliance, and Brown Sprinkler offered evidence all their work complied

with the code, it was reasonable for the small-claims court to conclude that the relocation of the FDC was not covered under the contract.

[8]     Based on this evidence, the judgment for Brown Sprinkler is not clearly erroneous.

[9]     Affirmed.


Bailey, J., and Weissmann, J., concur.