**STATE FARM INSURANCE, Ann Pryor, and Tyler Wypych, Appellants–Defendants,**

v.

**Marla G. FREEMAN and Chase M. Freeman, Appellees–Plaintiffs.**

No. 87A04–0511–CV–658.

Court of Appeals of Indiana.

May 26, 2006.

would, of course, have the opportunity to object thereto.

Michael G. Smith, Bamberger Foreman Oswald and Hahn, LLP, Evansville, for Appellants.

## OPINION

MAY, Judge.

State Farm Insurance, Ann Pryor· and Tyler Wypych ("State Farm") appeal the denial of their request for jury trial. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On April 5, 2004, Marla G. Freeman and Chase M. Freeman filed a small claim complaint in Warrick Superior Court. Service was obtained on State Farm on April 15, 2004. On April 20, 2004, State Farm appeared by counsel, and filed a Request for Jury Trial and an Affidavit Requesting Jury Trial. State Farm also tendered a $70.00 check for the transfer fee. After a hearing, the trial court denied State Farm's request for a jury trial.

## DISCUSSION AND DECISION

At the outset, we note the Freemans did not submit an appellee's brief. In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *AmRhein v. Eden,* 779 N.E.2d 1197, 1205 (Ind.Ct.App.2002). *Prima facie* is defined in this context as "at first sight, on first appearance, or on the face of it." *Id.* at 1205–06. The purpose of this rule is not to benefit the appellant. Rather, it is intended to relieve this court of the burden of controverting the arguments advanced for reversal where that burden rests with the appellee. *Id.* at 1206. Where an appellant is unable to meet that burden, we will affirm. *Id.*

The trial court denied State Farm's jury trial request, stating: "based upon the Court's reading of Indiana Code 33–5–45.5[–]17—again, the statute that created this court—I'm going to deny the request for jury trial." (Tr. at 4.) Ind.Code 33–5–45.5–17, now Ind.Code § 33–33–87–17, applies specifically to the Warrick County Superior Courts. That statute provides:

> The defendant may, not later than ten (10) days after being served, make demand for a trial by jury by affidavit stating that there are questions of fact requiring a trial by jury, specifying them, and stating that such is intended in good faith. The court shall thereupon cause the claim to be transferred to the regular docket and the defendant shall pay the filing fee charged for filing civil actions in circuit court. Upon transfer such claim shall lose its status as a small claim and be subject to all ordinary rules and procedure.

Despite the judge's explicit statement he was denying the jury trial request pursuant to Ind.Code § 33–5–45.5–17, State Farm does not address or even acknowledge that statute.[1]

---

1. The transcript reflects the judge showed State Farm's counsel a copy of the statute applicable to the Warrick County courts, with the relevant language highlighted.

Instead, State Farm argues Ind.Code § 33–5–2–7, now Ind.Code § 33–29–2–7, applies. That statute states:

(b) A defendant may, not later than ten (10) days following service of the complaint in a small claims case, demand a trial by jury by filing an affidavit that:

(1) states that there are questions of fact requiring a trial by jury;

(2) specifies those questions of fact; and

(3) states that the demand is in good faith.

(c) Notice of the defendant's right to a jury trial, and the ten (10) day period in which to file for a jury trial, shall be clearly stated on the notice of claim or on an additional sheet to be served with the notice of claim on the defendant.

(d) Upon the deposit of seventy dollars ($70) in the small claims docket by the defendant, the court shall transfer the claim to the plenary docket. Upon transfer, the claim then loses its status as a small claim.

Our Indiana Supreme Court has said: "when faced with a general statute and a specific statute on the same subject, the more specific one should be applied." *Ross v. State,* 729 N.E.2d 113, 116 (Ind. 2000). Ind.Code § 33–5–45.5–17 specifically addresses the handling of jury trials in small claims cases in the Warrick Superior Courts. We accordingly find Ind. Code § 33–5–45.5–17, and not Ind.Code § 33–5–2–7, controls this case.

Under the provisions of Ind.Code § 33–5–45.5–17, the trial court erred in denying State Farm's request for a jury trial. State Farm filed its request for jury trial and affidavit in support thereof within ten days of being served with the small claims complaint. The Affidavit avers that State Farm and the other defendants:

specifically request that they be allowed to present their defense to a jury and to undertake discovery in order to verify Plaintiffs' allegations of lost wages and medical bills as no such evidence has been provided to substantiate the Plaintiffs' claims.

(App. at 11.) The Affidavit also avers the demand for jury trial is made in good faith. State Farm therefore complied to that extent with Ind.Code § 33–5–45.5–17.

Once those requirements are satisfied "[t]he court shall thereupon cause the claim to be transferred to the regular docket and the defendant shall pay the filing fee charged for filing civil actions in circuit court." Ind.Code § 33–5–45.5–17. The word "shall" is presumptively treated as mandatory "unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning." *Indiana Civil Rights Comm'n v. Indianapolis Newspapers, Inc.,* 716 N.E.2d 943, 947 (Ind.1999), *reh'g denied.*

It is not apparent the legislature intended a different meaning for the word "shall" in this statute. The more general statute, Ind.Code § 33–5–2–7, also provides that once the requirements of the statute are met, the court "shall transfer" the claim to the plenary docket.

As a result, the trial court erred in denying State's Farm's request for a jury trial.

Reversed and remanded.[2]

FRIEDLANDER, J., and CRONE, J., concur.

---

**2.** Ind.Code § 33–5–2–7 requires the payment of a $70.00 transfer fee, while Ind.Code § 33–5–45.5–17 requires the payment of "the filing fee charged for filing civil actions in circuit court." Accordingly, State Farm must on remand tender the proper amount to the court in order to complete the requirements of Ind. Code § 33–5–45.5–17.