**Alfred McCLURE, Appellant–Defendant,**

v.

**Jackie COOPER, Appellee–Plaintiff.**

No. 86A03–0801–CV–38.

Court of Appeals of Indiana.

Sept. 16, 2008.

Thomas B. O'Farrell, McClure & O'Farrell, P.C., Westfield, IN, Attorney for Appellant.

## OPINION

BAILEY, Judge.

### Case Summary

Alfred McClure appeals the trial court's judgment in favor of his former client, Jackie Cooper. We affirm but remand with instructions.

### Issues

McClure raises three issues on appeal, which we restate as:

I. Whether the trial court erred in not granting McClure's Motion to Dismiss for Improper Venue;

II. Whether the trial court erred in denying his Motion for Change of Judge; and

III. Whether Cooper lacked standing to file this claim.

### Facts and Procedural History

Cooper hired McClure to perform certain legal services and paid him a retainer, including funds for a bankruptcy court filing fee. On August 30, 2007, Cooper filed a Small Claims Notice of Claim ("Claim") in Warren County for a refund of the entire amount paid, alleging that McClure had failed to perform. The Claim contained a notice of hearing. McClure later filed a Verified Motion to Dismiss for Improper Venue. It does not appear from the record on appeal that the trial court ruled on that motion. On September 21, 2007, McClure also filed a Motion for

Change of Judge, which was denied as untimely.

The trial court conducted a hearing and entered a money judgment for Cooper. McClure now appeals.

### Discussion and Decision

■■■ Cooper has not filed an Appellee Brief. Where the Appellee fails to respond, the appellant needs only to make a prima facie showing of error to merit reversal. *State v. Akins,* 824 N.E.2d 676, 677 (Ind.2005). However, we review de novo questions of law, regardless of the appellee's failure to submit a brief. *Id.*

### I. Proper Venue

■■ McClure argues that the trial court should have granted his Verified Motion to Dismiss for Improper Venue. In it, he argued that venue was only proper in Hamilton County or Tippecanoe County, but not in Warren County. While it does not appear from the record that the trial court ruled on McClure's motion, we may assume that the trial court denied it. *See Ankney v. State,* 825 N.E.2d 965, 970 n. 3 (Ind.Ct.App.2005), *trans. denied; see also Endres v. Ind. State Police,* 809 N.E.2d 320, 322 (Ind.2004) ("At a minimum, a party must show that it gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal."). In small claims court, venue may be proper based upon a number of criteria, including where the obligation "is to be performed." Ind. Small Claims Rule 12(A).

Cooper hired McClure to file bankruptcy. They signed a contract for legal services, providing as follows:

> **Additional services.** Any services requested or required by Client(s) not listed in paragraphs 2(a) and 2(b), above; shall be billed to Client(s) [at an hourly rate].

Appendix at 33. Pursuant to that provision, McClure filed his appearance in the Warren Circuit Court to defend Cooper in a mortgage foreclosure action. He apparently did little more, as Cooper suffered a default judgment. Nonetheless, McClure took this affirmative step in Warren County to perform part of his obligation under the contract. This was sufficient to make venue proper in Warren County. We find no error.

### II. Change of Judge

■■ In the alternative, McClure asserts that his Motion for Change of Judge was timely and that it should have been granted. Specifically, he argues that Indiana Trial Rule 76(C)(1) allows a small claims litigant to file a Motion for Change of Judge no later than "thirty [30] days from the date the same is placed and entered on the chronological case summary." Ind. Trial Rule 76(C)(1). Although McClure filed his motion within the thirty days, he did so just three days before the scheduled hearing as set forth in the clerk's notice on Cooper's Claim. This notice identified the Warren Circuit Court and the place, date and time for the hearing.

Our Supreme Court has addressed the relationship of the Trial Rules and the Small Claims Rules as follows:

> Indiana Trial Rule 1 provides that the Trial Rules govern "the procedure and practice in all courts of the state of Indiana in all suits of a civil nature...." Small Claims Rule 1(A) provides that the Small Claims Rules apply "to all small claims proceedings...." The ... Trial Rules govern small claims proceedings to the extent the two sets of rules do not conflict, but where the two conflict, the Small Claims Rules apply.

*Niksich v. Cotton,* 810 N.E.2d 1003, 1005 (Ind.2004) (internal citation omitted).

Under the Trial Rules, the general deadline for change of judge motions is ten days after the issues are closed on the merits. Ind. Trial Rule 76(C). There are six exceptions, any one of which may make a motion untimely. McClure's argument is limited to one of them—Trial Rule 76(C)(1). It provides:

> in those cases where no pleading or answer may be required to be filed by the defending party to close issues ..., each party shall have thirty [30] days from the date the same is placed and entered on the chronological case summary of the court.

Ind. Trial Rule 76(C)(1). No responsive pleading is required in small claims proceedings. Ind. Small Claims Rule 4(A).

In contrast, the Small Claims Rules make no provision for change of judge motions. Pre-trial hearings are rare and many times non-attorneys appear pro se. A hearing must be scheduled within forty days of service of the Claim. Ind. Small Claims Rule 2(B)(3). The notice in the Claim must contain: the court; the place, date and time for the hearing; and an instruction to bring all relevant documents. *Id.*; Ind. Small Claims Rule 2(B)(6). In essence, a claim also serves to notify the litigants of the trial setting in small claims proceedings.

█ The purpose of the small claims rules is "to insure informal and speedy decisions without application of procedural rules." *Multivest Prop. v. Hughes,* 671 N.E.2d 199, 201 (Ind.Ct.App.1996). First, this goal would not be served by giving small claims litigants thirty days to move for change of judge, as McClure advocates,

when a hearing is required to occur within forty days, or as here, allowing the litigant to file his motion just three days before the hearing. Second, Trial Rule 76(C)(1) should be understood within the context of Trial Rule 76(C)(5).[1] Although McClure does not reference this provision, Trial Rule 76(C)(5) narrows the window of opportunity to seek a change of judge after a trial date has been set. Pursuant to Trial Rule 76(C)(5), a party has three days after receiving notice from the court that a trial date has been set to file a motion for change of judge. Here, as in most small claims proceedings, the hearing and trial date are one in the same and are set forth in the notice which is a part of the small claims form. Thus, unlike most civil proceedings, a small claims litigant automatically has a hearing date upon the filing of a claim. Accordingly, we conclude that a timely motion for change of judge within the context of a small claims action would have required McClure to file his motion within three days of receiving the notice of claim. We therefore agree with the trial court that McClure's Motion for Change of Judge was untimely.

### III. Standing

█ Finally, McClure argues that Cooper lacks standing to bring this claim, having failed to disclose it in his Notice of Bankruptcy Case Filing.

> Both federal courts and Indiana courts have uniformly held that a debtor who fails to disclose a potential cause of action in a bankruptcy proceeding is precluded from pursuing such undisclosed claims in subsequent litigation.

---

1. Indiana Trial Rule 76(C)(5) provides as follows:

    where a party has ... received advance notice of a hearing ..., and also where at said hearing a trial date is set ..., a party shall be deemed to have waived a request for change of judge or county unless within three days of the oral setting the party files a written objection to the trial setting and a written motion for change of judge.

    Ind. Trial Rule 76(C)(5).

*Schlosser v. Bank of W. Ind.*, 589 N.E.2d 1176, 1179 (Ind.Ct.App.1992) (citing among others *McDonald v. Fairfield Pathologists, Inc.*, 580 N.E.2d 690, 692 (Ind.Ct. App.1991); and *Boucher v. Exide Corp.*, 498 N.E.2d 402, 403 (Ind.Ct.App.1986), *trans. denied* ). However, our Supreme Court has noted that a bankruptcy case may be re-opened, at the bankruptcy court's discretion, so that the debtor may remedy the error. *See Hammes v. Brumley*, 659 N.E.2d 1021, 1025–30 (Ind.1995) (analyzing four cases in which a bankruptcy case was re-opened so that the debtor could remedy his failure to list the claim in his filing). The *Hammes* Court stated:

> In the cases before us, the bankrupt parties were not the real parties in interest; the trustees of their respective bankruptcy estates were. However, the bankrupt parties did have standing to sue. They were parties that had a demonstrable injury allegedly caused by the parties they were suing and sustained a "direct injury as a result of the conduct at issue"—the threshold requirement to show standing. Because the parties had standing to sue, but simply were not the real parties in interest, they should be permitted to amend their original complaints to add their respective bankruptcy trustees to be substituted as real parties in interest.

*Id.* at 1030 (internal citation omitted).

■ Here, it does not appear from the record that Cooper listed his claim against McClure in his bankruptcy filing. Nevertheless, pursuant to the reasoning in *Hammes,* we conclude that Cooper had standing to bring this claim, but that the bankruptcy trustee was the real party in interest. Therefore, we affirm the decision of the trial court but remand with instructions to notify the bankruptcy court and trustee of the trial court's judgment and this Opinion. Because we are un-aware of the current status of Cooper's bankruptcy proceeding or what may occur in response to the trial court's notice, we hold that Cooper may take such action in this case as is allowed by the bankruptcy court and trustee.

## Conclusion

The trial court did not err in denying McClure's Motion to Dismiss for Improper Venue or his Motion for Change of Judge. Finally, Cooper had standing to bring this action but because he failed to list his claim against McClure in his bankruptcy filing, we remand to the trial court with instructions to notify the bankruptcy court and trustee of the small claims court's judgment and this Opinion. Cooper may then take such action as allowed but the bankruptcy court and trustee.

Affirmed but remanded with instructions.

FRIEDLANDER, J., concurs.

KIRSCH, J., dissents with opinion.

KIRSCH, Judge, dissenting.

Indiana Trial Rule 76(C)(5) addresses the situation where a court holds a hearing in a matter and *at that hearing* sets the matter for trial. That is not the situation here. Here, the court simply set the matter for trial.

The rule states:

> *where a party has appeared at or received advance notice of a hearing* prior to the expiration of the date within which a party may ask for a change of judge or county, *and also where at said hearing a trial date is set* which setting is promptly entered on the Chronological Case Summary, a party shall be deemed to have waived a request for change of judge or county unless within three days of the oral setting the party

files a written objection to the trial setting and a written motion for change of judge or county;

(Emphasis added).

To me the rule applies very narrowly. It requires (1) that a party appear at or have notice of a hearing, (2) that the court *at that hearing* sets the matter for trial, and (3) that the trial date is promptly entered into the CCS. Here, because the trial setting was not made in course of conducting a hearing, I do not believe the Rule applies, and, accordingly, I respectfully dissent.