

**FILED**

Sep 30 2013, 5:35 am

**CLERK**
of the supreme court,
court of appeals and
tax court

## FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ANNICA M. DOWNING**
Swope Law Offices, LLC
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMY PALMER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1302-SC-31 |
| | ) | |
| MARGARET SALES and UNIQUE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Michael N. Pagano, Magistrate
Cause No. 45D09-1210-SC-2915

**September 30, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Amy Palmer lost control of a vehicle that she was driving and swerved into Margaret Sales's yard, causing damage. Sales filed a small claims action against Palmer. Palmer filed a request for a change of judge and a request for a jury trial, both of which were denied. Palmer conceded liability, and a bench trial was held on damages. The small claims court entered a monetary judgment for Sales in an amount equal to an estimate for repairs that she submitted into evidence.

On appeal, Palmer argues that the small claims court erred by denying her request for a change of judge and request for a jury trial. She also argues that the amount of damages was excessive. We agree that the small claims court erred by finding that her request for a change of judge was untimely. The small claims court had relied on *McClure v. Cooper*, 893 N.E.2d 337 (Ind. Ct. App. 2008). We disagree with the majority opinion in *McClure*, which gives the defendant only three days after receiving the notice of claim to request a change of judge. In any event, *McClure* is distinguishable because the notice of claim sent to Palmer did not properly notify her of the trial date. Because the request for a change of judge should have been granted, the small claims court was deprived of jurisdiction, and the judgment must be reversed. Therefore, we will not address Palmer's claim that the amount of damages was excessive. However, because the issue will recur on remand, we will address Palmer's arguments concerning her request for a jury trial. We conclude that the affidavit that Palmer submitted in support of her request met the level of specificity required by the applicable statute. Therefore, we reverse and remand with instructions to grant Palmer's request for a

2

change of judge, to implement the procedure for selection of a new judge, and to transfer the case to the plenary docket.

## Facts and Procedural History

On June 25, 2012, Palmer was driving a vehicle when she got into an argument with her ex-boyfriend. Palmer lost control of the vehicle and swerved onto Sales's property, causing damage. On October 26, 2012, Sales filed a small claims action against Palmer.[1] A bench trial was scheduled for January 2, 2013; however, the notice of claim erroneously stated that the trial was set for January 2, 2012.

On November 19, 2012, counsel entered an appearance for Palmer, filed an answer, and requested a change of judge and a jury trial. A supporting affidavit states:

> 2. Defendant Amy Palmer was served November 7, 2012, making her demand for a jury and for a change of judge due November 17, 2012; per Rule, as November 17, 2012 fell on a Saturday, Sunday or holiday when the court was not open to conduct business, the responsive pleadings are not due until the next court business day, which is Monday, November 19, 2012.
>
> 3. That there are questions of fact in this matter requiring a trial by jury, to wit: This case will rely heavily upon a determination of credibility, causation and even the actual existence of damages incurred, as opposed to claimed without merit or evidence, which has been shown in matters past to be best determined by a jury of the Defendant's peers as opposed to a single trier of fact, and which requires the application of the rules of law and evidence not available or enforced in small claims matters by this court. Causation and liability in this matter will rely heavily upon a determination of credibility and the weighing of conflicting testimony, as well as the probability that multiple conclusions can and will be arrived at given the same fact pattern; as such, it will require more than a single fact finder in order to properly evaluate this case so that all of the varying conclusions can be weighed and disposed of,

---

[1] Sales also sued Palmer's insurance company, Unique Insurance Company. The insurance company was dismissed with prejudice due to lack of privity between Sales and the insurance company. The insurance company does not participate in this appeal, but is a party of record. *See* Ind. Appellate Rule 17(A) ("A party of record in the trial court … shall be a party on appeal.").

rather than a single fact finder who will invariabl[y] arrive at a single conclusion, and/or have difficulty weighing multiple conclusions from the same fact pattern. On information and belief, a jury of the Defendants' peers will arrive at a different conclusion and resolution, and these issues that will be available by bench trial, and a jury demand is hereby made accordingly, and in good faith.

Appellant's App. at 10-11.

On November 26, 2012, the small claims court issued an order denying the request for change of judge as untimely, citing *McClure v. Cooper*, 893 N.E.2d 337 (Ind. Ct. App. 2008). The order further indicated that the request for jury trial would be considered on January 2, 2013.

On January 2, Palmer filed a motion to reconsider the ruling on the change of judge, which was denied. The small claims court then heard arguments on the request for jury trial, during which the court stated:

[Indiana Code Section] 33-29-2-7, it specifically says the defendant may not later than ten days, et cetera, et cetera. The affidavit must state that the – specifies those questions of fact.

Those questions of fact are not specified. It just merely says that we want a jury trial on the issues. It does not say what facts need to go to a jury which leads me to believe that this may not be made in good faith but is primarily for a delay, especially since liability is not being contested.

Tr. at 20. The court ultimately denied the motion on the following grounds:

I'm gonna rule on two … points here. One, pursuant to 33-29-2-7(b)(2), there's insufficient specificity as to what those questions of fact would be that need to be sent to a jury.

And, two, given the global things of what I've heard here, I'm not satisfied that it was made in good faith.

*Id*. at 23-24.

4

The case then proceeded to a bench trial. Sales testified concerning the damages caused by the accident, and in support, she submitted photographs and estimates for repairs from two different contractors. Palmer conceded liability, but gave a somewhat different account of the extent of the damage caused by the accident. The court entered judgment for Sales in the amount of $2375, which corresponded to one of the estimates. Palmer now appeals.

**Discussion and Decision**

Sales has not filed a brief; therefore, Palmer need only establish prima facie error. *State Farm Ins. v. Freeman*, 847 N.E.2d 1047, 1048 (Ind. Ct. App. 2006). Prima facie is defined in this context as "at first sight, on first appearance, or on the face of it." *Id.* (quoting *AmRhein v. Eden*, 779 N.E.2d 1197, 1205 (Ind. Ct. App. 2002)). Palmer argues that: (1) the small claims court erred by finding her request for a change of judge untimely; (2) the small claims court erred by finding that her motion for a jury trial was unsupported and not made in good faith; and (3) the award of damages was excessive. Because we agree with Palmer that the judgment must be reversed and the case transferred to a new judge on the plenary docket, we will not address the issue of damages.

*I. Change of Judge*

The Indiana Trial Rules govern small claims proceedings to the extent that they do not conflict with the Indiana Small Claims Rules. *McClure v. Cooper*, 893 N.E.2d 337, 339 (Ind. Ct. App. 2008). There is no Small Claims Rule regarding changes of judge; therefore, Trial Rule 76 applies. *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 749 (Ind. Ct. App. 2010). Trial Rule

5

76(C) sets forth the following deadline for a motion for change of judge:

> (C) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge (or change of venue) shall be filed not later than ten [10] days after the issues are first closed on the merits. Except:
>
>> (1) in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days from the date the case is placed and entered on the chronological case summary of the court as having been filed;
>>
>> ….
>>
>> (5) where a party has appeared at or received advance notice of a hearing prior to the expiration of the date within which a party may ask for a change of judge or county, and also where at said hearing a trial date is set which setting is promptly entered on the Chronological Case Summary, a party shall be deemed to have waived a request for change of judge or county unless within three days of the oral setting the party files a written objection to the trial setting and a written motion for change of judge or county….

In *McClure*, another panel of the Court of Appeals interpreted Trial Rule 76(C) in the context of small claims proceedings. In that case, Jackie Cooper filed a claim against Alfred McClure in small claims court. The notice of claim contained a notice of hearing. McClure later filed a motion for change of judge, which was denied. On appeal, McClure argued that Trial Rule 76(C)(1) applied because a responsive pleading is not required in small claims proceedings and that his motion was filed within the time allowed by that subsection. A majority disagreed, concluding that Subsection (C)(5) applied because a trial date had been set:

> Here, as in most small claims proceedings, the hearing and trial date are one in the same and are set forth in the notice which is a part of the small claims

6

form. Thus, unlike most civil proceedings, a small claims litigant automatically has a hearing date upon the filing of a claim. Accordingly, we conclude that a timely motion for change of judge within the context of a small claims action would have required McClure to file his motion within three days of receiving the notice of claim. We therefore agree with the trial court that McClure's Motion for Change of Judge was untimely.

*McClure*, 893 N.E.2d at 340.

Judge Kirsch dissented, stating:

To me the rule applies very narrowly. It requires (1) that a party appear at or have notice of a hearing, (2) that the court *at that hearing* sets the matter for trial, and (3) that the trial date is promptly entered into the CCS. Here, because the trial setting was not made in course of conducting a hearing, I do not believe the Rule applies, and, accordingly, I respectfully dissent.

*Id*. at 342 (Kirsch, J., dissenting).

In this case, Palmer received the notice of claim on November 7, 2012, which erroneously indicated that the trial was set for January 2, 2012. Clearly, the trial could not be held on January 2, 2012, as that predated the filing of the claim by several months. Palmer argues that setting an impossible trial date is functionally the same as not setting a trial date; therefore, we should apply Trial Rule 76(C)(1) rather than follow *McClure* and apply Trial Rule 76(C)(5). Alternatively, Palmer argues that *McClure* was wrongly decided and that we should follow Judge Kirsch's dissent.

We believe that Judge Kirsch's dissent represents the better approach, as it relies on the explicit language of Trial Rule 76. Furthermore, the policy concerns relied on by the majority opinion have since been eroded. At the time *McClure* was decided, Small Claims Rule 2(B)(3) required the small claims court to set a trial date between ten and forty days after service of the notice of the claim. The *McClure* majority was concerned that allowing a

7

party thirty days to request a change of judge would interfere with the schedule set forth in Small Claims Rule 2(B)(3). In 2008, Small Claims Rule 2(B)(3) was amended to omit any reference to a specific deadline for scheduling a trial date and now states that the trial date "shall be set by the court with the objective of dispensing speedy justice between the parties and according to the rules of substantive law."

While speedy resolution is one of the aims of small claims proceedings, they are also meant to be accessible to pro se parties. While we often tell pro se parties that ignorance of the law is not an excuse, pro se parties in a small claims case should be given a reasonable opportunity to discover what the applicable rules are or to decide to hire an attorney. We think that few non-attorneys would be prepared to request a change of judge within three days of receiving the notice of claim, especially because Trial Rule 76(C)(5) on its face would not appear to apply; one would have to know to look beyond the text of the rule and search case law. We also note that the notice of claim is required to notify the defendant that a jury trial must be requested within ten days, Small Claims Rule 2(B)(10), but is not required to provide any information about requesting a change of judge. The unreasonableness of the three-day rule is highlighted by the facts of this case. Palmer was apparently provided with counsel by her insurer, but counsel did not enter an appearance until twelve days (eight business days) after the notice of claim was served. Counsel promptly requested a change of judge, well in advance of the January 2, 2013 trial date. The practical effect of the *McClure* rule is to foreclose the right to request a change of judge. While the Small Claims Rules might benefit from a specific rule for changes of judge that

8

better balances the aims of speedy resolution and accommodation of pro se parties, in the meantime, we must apply the Trial Rules promulgated by our supreme court as written.

Furthermore, even if we agreed with the holding in *McClure*, we find that it is distinguishable in this case. In denying Palmer's request for a change of judge, the small claims court focused on the fact that Palmer could not have reasonably believed that the trial was set for January 2, 2012; the court felt that Palmer should have assumed that the year was filled out incorrectly. While the trial date of January 2, 2012, was obviously a mistake, we cannot agree that the notice adequately informed Palmer that a trial was set for January 2, 2013. The holding in *McClure* would only come into play when a trial date is set *and* the defendant is given notice of the date. It is not enough that the notice provide information from which the defendant might guess or proactively discover the actual trial date.

We conclude that Trial Rule 76(C)(5) does not apply, and the request for a change of judge was timely pursuant to Trial Rule 76(C)(1) and should have been granted. *See Kalwitz*, 934 N.E.2d at 749 (granting of a motion to change judge is automatic if made within the time limit). Therefore, we reverse the judgment of the trial court and remand with instructions that the court grant Palmer's request for a change of judge and that the procedures for the selection of a new judge be implemented. *See A.T. v. G.T.*, 960 N.E.2d 878, 882 (Ind. Ct. App. 2012) (holding that trial court erred in denying motion for change of judge, reversing ruling on petition for modification of custody because trial court was deprived of jurisdiction, and remanding with instructions to grant change of judge and implement selection of new judge).

## II. Request for Jury Trial

Because the issue will recur on remand, we will also address Palmer's request for a jury trial. Indiana Code Section 33-29-2-7[2] provides:

> (a) The filing of a claim on the small claims docket is considered a waiver of trial by jury.
>
> (b) A defendant may, not later than ten (10) days following service of the complaint in a small claims case, demand a trial by jury by filing an affidavit that:
>
> (1) states that there are questions of fact requiring a trial by jury;
>
> (2) specifies those questions of fact; and
>
> (3) states that the demand is in good faith.
>
> (c) Notice of the defendant's right to a jury trial, and the ten (10) day period in which to file for a jury trial, shall be clearly stated on the notice of claim or on an additional sheet to be served with the notice of claim on the defendant.
>
> (d) Upon the deposit of seventy dollars ($70) in the small claims docket by the defendant, the court shall transfer the claim to the plenary docket. Upon transfer, the claim then loses its status as a small claim.

There is a lack of authority interpreting this statute; however, we interpreted a similar statute in *Freeman*. On April 5, 2004, the Freemans filed a small claims action in Warrick Superior Court against State Farm and two other individuals who apparently were insured by State Farm. State Farm was served on April 15, 2004. On April 20, 2004, an attorney entered an appearance for State Farm and filed a request for jury trial and affidavit in

---

[2] Palmer cites Indiana Code Section 33-28-3-7, which contains identical language, but applies to the small claims division of a circuit court. Indiana Code Section 33-29-2-7 applies to the small claims division of a superior court.

10

support. After a hearing, the court denied State Farm's request for jury trial. State Farm appealed. We concluded that Indiana Code Section 33-33-87-17, which specifically applies to the Warrick County courts, governed State Farm's request for jury trial. That statute states:

> The defendant may, not later than ten (10) days after being served, make demand for a trial by jury by affidavit stating that there are questions of fact requiring a trial by jury, specifying them, and stating that the demand is intended in good faith. The court shall then cause the claim to be transferred to the regular docket and the defendant shall pay the filing fee charged for filing civil actions in circuit court. Upon transfer a claim loses its status as a small claim and is subject to all ordinary rules and procedure.

Ind. Code § 33-33-87-17. The affidavit submitted by State Farm averred that State Farm and the other defendants "specifically request that they be allowed to present their defense to a jury and to undertake discovery in order to verify Plaintiffs' allegations of lost wages and medical bills as no such evidence has been provided to substantiate the Plaintiffs' claims." *Freeman*, 847 N.E.2d at 1049. The affidavit also averred that the demand for jury trial was made in good faith. We held that the affidavit met the requirements of Indiana Code Section 33-33-87-17 and therefore transfer to the plenary docket was mandatory. *Id*.

Similar to Indiana Code Section 33-33-87-17, Indiana Code Section 33-29-2-7 requires the defendant to submit an affidavit that specifies questions of fact and states that the demand is made in good faith. Palmer's affidavit states that there are factual issues concerning credibility, causation, and the extent or existence of damages. This request is not unlike the one made in *Freeman*, where the defendant called into question the plaintiffs' ability to substantiate their damages. *Freeman* did not require the defendant to identify

11

specific facts that would be asserted by the plaintiffs or specific evidence that would be used to controvert the plaintiffs' contentions.

Indiana Code Section 33-29-2-7 insures that a defendant's right to a jury is not involuntarily curtailed by the plaintiff's choice to file the claim on the small claims docket. The defendant is given ten days from the date that the complaint is served to request a jury. Discovery typically could not be completed in such a short time, if it is allowed at all. *See* Ind. Small Claims Rule 6 (permitting discovery upon notice and good cause shown and limiting discovery "to the necessities of the case"). The level of detail required to make a request for jury trial should reflect the fact that the defendant often will lack detailed information about the evidence that the plaintiff intends to present. The affidavit should be specific enough to reflect that there are disputed factual issues of a sort that are appropriate for determination for a jury. Palmer's affidavit meets this requirement.

Palmer's affidavit also states that the request was made in good faith. Palmer argues that Indiana Code Section 33-29-2-7 only requires an averment that the request is made in good faith and does not require a finding by the trial court. We do not agree that the trial court must invariably take the defendant's assertion of good faith at face value. In this case, however, there appears to be no evidence of bad faith. Although the small claims court felt that the level of specificity did not comply with the statute and therefore was indicative that the request was not made in good faith, we have concluded that the affidavit meets the requirements of the statute. Because Palmer's affidavit was timely filed and complies with the statute, transfer to the plenary docket for a jury trial is mandatory. *See Freeman*, 847

12

N.E.2d at 1049 (noting that the word "shall" in a statute is presumptively treated as mandatory).

## Conclusion

The judgment of the small claims court is reversed, and the case is remanded with the following instructions: (1) Palmer's request for a change of judge shall be granted; (2) the procedures for choosing a new judge shall be implemented; and (3) the case shall be transferred to the plenary docket.

Reversed and remanded.

RILEY, J., concurs.

BAILEY, J., concurs in part and dissents in part with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMY PALMER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1302-SC-31 |
| | ) | |
| MARGARET SALES and UNIQUE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

**BAILEY, Judge, concurring in part and dissenting in part**

The majority orders that Palmer's change of judge motion be granted, that the process provided in the Trial Rules for a change of judge be followed, and that Palmer's motion for a jury trial be granted and the case transferred to the plenary docket. I concur in the result of the majority's opinion to the extent it concludes that Palmer properly moved for a jury trial, and thus orders the trial court on remand to transfer the case to the plenary docket. In light of that instruction, however, I think it is unnecessary even to address Palmer's motion for a change of judge, and I do not think we should do so. Yet because of the criticism by the

14

majority of the opinion I authored in <u>McClure v. Cooper</u>, 893 N.E.2d 337 (Ind. Ct. App. 2008), I write separately to explain my disagreement.

I concur in the majority's reasoning and holding on Palmer's request for a jury trial under Indiana Code section 33-29-2-7, which relies upon this Court's prior decision in <u>State Farm Ins. v. Freeman</u>, 847 N.E.2d 1047 (Ind. Ct. App. 2006). The statute interpreted in the majority's opinion provides that a defendant in small claims court may seek a jury trial within ten days of service of the small claims complaint. This serves to balance the defendant's due process rights, in particular the constitutionally-provided right to a jury trial, with the expressed goal of speedy adjudication of claims in small claims court.

I note, however, that at trial Palmer represented to the trial court that she sought a jury trial only on the matter of damages and not on liability. After Sales identified Palmer as the driver of the vehicle that struck her home, the following exchange between Palmer and the trial court occurred regarding Palmer's motion for a jury trial:

[COURT]: Okay. Are you going to be disputing liability?

[PALMER]: No. This is an issue of damages.

(Tr. at 17.)

Thus, on remand, I would limit the jury proceedings to consideration of the amount of damages associated with Sales's claim, leaving undisturbed Palmer's stipulation to liability.

I think this conclusion renders unnecessary any further discussion of the change of judge rules as they apply to the small claims courts. In recognition of our judicial role and as a matter of policy, it seems wise to me not to reach matters beyond those necessary for

resolution of a case. Because we can resolve this appeal without disturbing existing precedent, based upon the trial court's erroneous denial of a jury trial, we ought not to address McClure.

First, reaching McClure seems to me contrary to the rule of stare decisis and to the purposes served by the establishment of the Rules Committee in our Trial Rules. Stare decisis stands for the proposition that "a rule which has been deliberately declared should not be disturbed by the same court absent urgent reasons and a clear manifestation of error." Snyder v. King, 958 N.E.2d 764, 776 (Ind. 2011).[3] And while this Court does not recognize lateral stare decisis, nevertheless, the doctrine's underlying policy purposes apply here.

So, too, we should avoid reaching McClure because it has stood for five years without a contrary declaration by our supreme court or referral of the question to the Rules Committee, which our supreme court established for the purpose of reviewing, recommending, and making available for public comment proposed changes to court rules. See T.R. 80(A), (C), (D) & (E). We should be particularly reticent about revisiting McClure because, upon remand and transfer to the plenary docket, Palmer will have available to her the full scope of procedural mechanisms set forth by our Trial Rules. That includes, upon transfer to the plenary docket, the change-of-judge provisions of Trial Rule 76. Palmer will

---

[3] The majority points to Kalwitz v. Kalwitz, 934 N.E.2d 741 (Ind. Ct. App. 2010), for the proposition that Trial Rules 76(B) and (C) apply without distinction in small claims cases. The Kalwitz case does not address the majority opinion in McClure. Yet it was unnecessary for the Kalwitz Court to decide what amount of time was available to the defendants to submit their motion for a change of judge, because the defendants submitted their motion more than six months after even the thirty-day period the Kalwitz Court applied in that case and the majority would apply here. Id. at 749-50. Thus, the result in Kalwitz would survive any reading of Trial Rules 76(B) and (C) in the small claims context.

16

not be harmed by leaving undisturbed the small claims court's denial of the motion for a change of judge, and we should do through dicta as little mischief as possible to standing interpretations of court rules. See Snyder, 958 N.E.2d at 776.

I recognize, however, that the majority's opinion, as well as that of another panel of this Court, find fault with the holding in McClure, upon which the trial court based its order denying a change of judge in this case. See A.T. v. G.T., 960 N.E.2d 878, 881 (Ind. Ct. App. 2012) (noting Kirsch, J.'s, dissent in McClure, but distinguishing based upon application of the Trial Rules in a court of general jurisdiction). And upon reflection, I agree that McClure may have been wrongly decided, though I reach that conclusion on a different basis from the majority. Simply put, even though the opinion I authored in McClure narrowly construed the time limits in Trial Rules 76(B) and (C) (providing for change of judge as a matter of right and without cause), on reflection I do not think the provisions of those rules properly apply in the small claims dockets of our state. Therefore, I think McClure likely reached the wrong conclusion.

To the extent they do not conflict with the Small Claims Rules, our Trial Rules are applicable in small claims court. Niksich v. Cotton, 810 N.E.2d 1003, 1005 (Ind. 2004). The small claims courts were established "with the objective of dispensing speedy justice between the parties according to the rules of substantive law." I.C. § 33-28-3-5(d) (providing, with respect to circuit courts sitting as small claims courts, that small claims trials "shall be conducted informally … not bound by the statutes or rules of governing practice, procedure, pleadings, or evidence"); I.C. § 33-29-2-5(d) (applying the rule to superior courts). Trial

17

Rules 76(B) and (C) find no basis in constitutional principles of due process; rather, they afford litigants in the plenary dockets of our circuit and superior courts an additional tool for managing the course of litigation before proceeding to trial.

But Trial Rules 76(B) and (C) work at cross-purposes to the operation of the small claims courts. Based upon the goals of small claims adjudication, the Small Claims Rules strictly limit discovery, Ind. Small Claims Rule 6, and except for cause, there is no county-based change of venue available in Small Claims Courts. I.C. § 33-28-3-6; I.C. § 33-29-2-6; S.C.R. 12. Further, in small claims cases, a trial date is set at the time of the filing of the complaint—not, as in plenary courts, by the pleading practices and pre-trial hearings of the type contemplated by Trial Rule 76(C). S.C.R. 2(B). Also serving the goal of speedy adjudication, the Small Claims Rules restrict continuances to situations of good cause and require that only the shortest delay possible be allowed. S.C.R. 9(A). Initiating the lengthy, often complex process associated with obtaining a special judge can scarcely be said to serve those interests.

What is consonant with the Small Claims Rules is the unavailability of any change-of-judge procedure except for cause—that is, as is necessary to protect the due process rights of litigants. See, e.g., Ind. Judicial Conduct Rule 2.11(A) (requiring a judge to disqualify him- or herself "in any proceeding in which the judge's impartiality might reasonably be questioned"). To hold otherwise would be to open the door to the application in small claims court of such procedural mechanisms as the class action provisions of Trial Rule 23 that, because of their complexity operate at cross-purposes to small claims adjudication—and we

18

would do so simply because the Small Claims Rules are themselves silent on the matter.

The better approach, I think, is to recognize that though the Small Claims Rules may be silent on a matter provided for by the Trial Rules, such silence does not call for application of the Trial Rules as a matter of course. Rather, when the Small Claims Rules are silent on a particular procedural matter, I think the inquiry must instead center on whether application of the Trial Rules militates against the purposes of our small claims courts and, if so, whether failure to apply the Trial Rules in such a situation would deprive a litigant of her or his due process rights. Where, as here, there is no evidence that application of Trial Rules 76(B) and (C) would serve any role in assuring either litigant due process of law, those rules should not apply. Or, put another way, since the due process rights of litigants in small claims courts include a right to seek a new judge on the basis of good cause shown, the change-of-judge rules in the Trial Rules would serve only to frustrate the small claims courts' purpose of speedy, efficient adjudication of relatively small dollar-value claims. Therefore, those Trial Rules should have no application in small claims court, and thus I conclude that the majority opinion I authored in McClure, even though it narrowly construed Rules 76(B) and (C), was likely wrongly decided.

I recognize, too, the majority's concern about the interpretation of the Trial Rules by pro se litigants. Though we hold pro se litigants to the same pleading and practice standards as we do parties represented by counsel, Smith v. Ind. Dept. of Correction, 871 N.E.2d 975, 986 (Ind. Ct. App. 2007), trans. denied, it is fitting that we are necessarily concerned with whether and how court procedures are capable of being understood by individuals without

19

legal training.  But deferring to the perceived needs of <u>pro se</u> litigants in interpreting the timelines of Rule 76(C) seems to me no less problematic than deferring to those needs when <u>pro se</u> litigants pursue the complex process for seeking a change of judge.

And all of these concerns lose their impact in this case because here—as in <u>McClure</u>—the appealing party was represented by counsel.  As much as we are concerned with interpreting the rules in a manner that does not stretch their plain construction, we must also be wary of allowing the small claims courts to be stripped of their purpose—swift, efficient resolution of disputes—to benefit the type of procedural gamesmanship Indiana courts reject.  <u>See</u> <u>Outback Steakhouse of Fla., Inc. v. Markley</u>, 856 N.E.2d 65, 77 (Ind. 2006) (citing numerous state and federal cases the use of discovery and motions for default judgments as traps for unwary litigants).  Yet, I recognize that the request for a jury trial in this case included the required representation of good faith.  <u>See</u> I.C. 33-29-2-7 (applying to small claims proceedings in superior courts); I.C. § 33-28-3-7 (applying to small claims proceedings in circuit courts).[4]

Therefore, for the foregoing reasons, I respectfully concur in part and dissent in part.

---

[4] The majority's opinion expresses concern with the trial court's apparent conclusion that Palmer's motion for a jury trial was not made in good faith.  While I do not share that concern, I recognize that the standard of review applicable in appeals presented in the absence of an appellee's brief requires only a demonstration of <u>prima facie</u> error, and thus I concur in the majority's conclusion that Palmer is entitled to a jury trial as to the matter of damages.