BAILEY, Judge,
concurring in part and dissenting in part.
The majority orders that Palmer’s change of judge motion be granted, that the process provided in the Trial Rules for a change of judge be followed, and that Palmer’s motion for a jury trial be granted and the case transferred to the plenary docket. I concur in the result of the majority’s opinion to the extent it concludes that Palmer properly moved for a jury trial, and thus orders the trial court on remand to transfer the case to the plenary docket. In light of that instruction, however, I think it is unnecessary even to address Palmer’s motion for a change of judge, and I do not think we should do so. Yet because of the criticism by the majority of the opinion I authored in McClure v. Cooper, 893 N.E.2d 337 (Ind.Ct.App.2008), I write separately to explain my disagreement.
I concur in the majority’s reasoning and Holding on Palmer’s request for a jury trial under Indiana Code section 33-29-2-7, which relies upon this Court’s prior decision in State Farm Ins. v. Freeman, 847 N.E.2d 1047 (Ind.Ct.App.2006). The statute interpreted in the majority’s opinion provides that a defendant in small claims court may seek a jury trial within ten days of service of the small claims complaint. This serves to balance the defendant’s due process rights, in particular the constitutionally-provided right to a jury trial, with the expressed goal of speedy adjudication of claims in small claims court.
I note, however, that at trial Palmer represented to the trial court that she sought a jury trial only on the matter of damages and not on liability. After Sales identified Palmer as the driver of the vehicle that struck her home, the following exchange between Palmer and the trial court occurred regarding Palmer’s motion for a jury trial:
[COURT]: Okay. Are you going to be disputing liability?
[PALMER]: No. This is an issue of damages.
(Tr. at 17.)
Thus, on remand, I would limit the jury proceedings to consideration of the amount of damages associated with Sales’s claim, leaving undisturbed Palmer’s stipulation to liability.
*1081 I think this conclusion renders unnecessary any further discussion of the change of judge rules as they apply to the small claims courts. In recognition of our judicial role and as a matter of policy,- it seems wise to me not to reach matters beyond those necessary for resolution of a case. Because we can resolve this appeal without disturbing existing precedent, based upon the trial court’s erroneous denial of a jury trial, we ought not to address McClure.
First, reaching McClure seems to me contrary to the rule of stare decisis and to the purposes served by the establishment of the Rules Committee in our Trial Rules. Stare decisis stands for the proposition that “a rule which has been deliberately declared should not be disturbed by the same court absent urgent reasons and a clear manifestation of error.” Snyder v. King, 958 N.E.2d 764, 776 (Ind.2011).[3] And while this Court does not recognize lateral stare decisis, nevertheless, the doctrine’s underlying policy purposes apply here.
So,, too, we should avoid reaching McClure because it has stood for five years without a contrary declaration by our supreme court or referral of the question to the Rules Committee, which our supreme court established for the purpose of reviewing, recommending, and making available for public comment proposed changes to court rules. See T.R. 80(A), (C), (D) & (E). We should be particularly reticent about revisiting McClure because, upon remand and transfer to the plenary docket, Palmer will have available to her the full scope of procedural mechanisms set forth by our Trial -Rules. That includes, upon transfer to the plenary docket, the change-of-judge provisions of Trial Rule 76. Palmer will'not be harmed by leaving undisturbed the small claims court’s denial of the motion for a change of judge, and we should do through dicta as little mischief as possible to standing interpretations of court rules. See Snyder, 958 N.E.2d at 776.
I recognize, however, that the majority’s opinion, as well as that of another panel of this Court, find fault with the holding in McClttre, upon which the trial court based its order denying a change of judge in this case. See A.T. v. C.T., 960 N.E.2d 878, 881 (Ind.Ct.App.2012) (noting Kirsch, J.’s, dissent in McClure, but distinguishing based upon application of the Trial Rules in a court of general jurisdiction). And upon reflection, I agree that McClure may have been wrongly decided, though I reach that conclusion on a different basis from the majority. Simply put, even though the opinion I authored in McClure narrowly construed the time limits in Trial Rules 76(B) and (C) (providing for change of judge as a matter of right and without cause), on reflection I do not think the provisions of those rules properly apply in the small claims dockets of our state. Therefore, I think McClure likely reached the wrong conclusion.
To the extent they do not conflict with the Small Claims Rules, our Trial Rules are applicable in small claims court. Niksich v. Cotton, 810 N.E.2d 1003, 1005 (Ind.2004). The small claims courts were es *1082 tablished “with the objective of dispensing speedy justice between the parties according to the rules of substantive law.” I.C. § 33-28-3-5(d) (providing, with respect to circuit courts sitting as small claims courts, that small claims trials “shall be conducted informally ... not bound by the statutes or rules of governing practice, procedure, pleadings, or evidence”); I.C. § 33-29-2-5(d) (applying the rule to superior courts). Trial Rules 76(B) and (C) find no basis in constitutional principles of due process; rather, they afford litigants in the plenary dockets of our circuit and superior courts an additional tool for managing the course of litigation before proceeding to trial.
But Trial Rules 76(B) and (C) work at cross-purposes to the operation of the small claims courts. Based upon the goals of small claims adjudication, the Small Claims Rules strictly limit discovery, Ind. Small Claims Rule 6, and except for cause, there is no county-based change of venue available in Small Claims Courts. I.C. § 33-28-3-6; I.C. § 33-29-2-6; S.C.R. 12. Further, in small claims eases, a trial date is set at the time of the filing of the complaint — not, as in plenary courts, by the pleading practices and pre-trial hearings of the type contemplated by Trial Rule 76(C). S.C.R. 2(B). Also serving the goal of speedy adjudication, the Small Claims Rules restrict continuances to situations of good cause and require that only the shortest delay possible be allowed. S.C.R. 9(A). Initiating the lengthy, often complex process associated with obtaining a special judge can scarcely be said to serve those interests.
What is consonant with the Small Claims Rules is the unavailability of any change-of-judge procedure except for cause — that is, as is necessary to protect the due process rights of litigants. See, e.g., Ind. Judicial Conduct Rule 2.11(A) (requiring a judge to disqualify him — or herself “in any proceeding in which the judge’s impartiality might reasonably be questioned”). To hold otherwise would be to open the door to the application in small claims court of such procedural mechanisms as the class action provisions of Trial Rule 23 that, because of their complexity operate at cross-purposes to small claims adjudication — and we would do so simply because the Small Claims Rules are themselves silent on the matter.
The better approach, I think, is to recognize that though the Small Claims Rules may be silent on a matter provided for by the Trial Rules, such silence does not call for application of the Trial Rules as a matter of course. Rather, when the Small Claims Rules are silent on a particular procedural matter, I think the inquiry must instead center on whether application of the Trial Rules militates against the purposes of our small claims courts and, if so, whether failure to apply the Trial Rules in such a situation would deprive a litigant of her or his due process rights. Where, as here, there is no evidence that application of Trial Rules 76(B) and (C) would serve any role in assuring either litigant due process of law, those rules should not apply. Or, put another way, since the due process rights of litigants in small claims courts include a right to seek a new judge on the basis of good cause shown, the change-of-judge rules in the Trial Rules would serve only to frustrate the small claims courts’ purpose of speedy, efficient adjudication of relatively small dollar-value claims. Therefore, those Trial Rules should have no application in small claims court, and thus I conclude that the majority opinion I authored in McClure, even though it narrowly construed Rules 76(B) and (C), was likely wrongly decided.
I recognize, too, the majority’s concern about the interpretation of the Trial Rules *1083 by pro se litigants. Though we hold pro se litigants to the same pleading and practice standards as we do parties represented by counsel, Smith v. Ind. Dept. of Correction, 871 N.E.2d 975, 986 (Ind.Ct.App.2007), trans. denied, it is fitting that we are necessarily concerned with whether and how court procedures are capable of being understood by individuals without legal training. But deferring to the perceived needs of pro se litigants in interpreting the timelines of Rule 76(C) seems to me no less problematic than deferring to those needs when pro se litigants pursue the complex process for seeking a change of judge.
And all of these concerns lose their impact in this case because here — as in McClure — the appealing party was represented by counsel. As much as we are concerned with interpreting the rules in a manner that does not stretch their plain construction, we must also be wary of allowing the small claims courts to be stripped of their purpose — swift, efficient resolution of disputes — to benefit the type of procedural gamesmanship Indiana courts reject. See Outback Steakhouse of Fla., Inc. v. Markley, 856 N.E.2d 65, 77 (Ind.2006) (citing numerous state and federal cases the use of discovery and motions for default judgments as traps for unwary litigants). Yet, I recognize that the request for a jury trial in this case included the required representation of good faith. See I.C. 38-29-2-7 (applying to small claims proceedings in superior courts); I.C. § 33-28-3-7 (applying to small claims proceedings in circuit courts).[4]
Therefore, for the foregoing reasons, I respectfully concur in part and dissent in part.

. The majority points to Kalwitz v. Kalwitz, 934 N.E.2d 741 (Ind.Ct.App.2010), for the proposition that Trial Rules 76(B) and (C) apply without distinction in small claims cases. The Kalwitz case does not address the majority opinion in McClure. Yet it was unnecessary for the Kalwitz Court to decide what amount of time was available to the defendants to submit their motion for a change of judge, because the defendants submitted their motion more than six months after even the thirty-day period the Kalwitz Court applied in that case and the majority would apply here. Id. at 749-50. Thus, the result in Kalwitz would survive any reading of Trial Rules 76(B) and (C) in the small claims context.

. The majority’s opinion expresses concern with the trial court’s apparent conclusion that Palmer's motion for a jury trial was not made in good faith. While I do not share that concern, I recognize that the standard of review applicable in appeals presented in the absence of an appellee's brief requires only a demonstration of prima facie error, and thus I concur in the majority’s conclusion that Palmer is entitled to a jury trial as to the matter of damages.