Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**CHARLES W. WRIGHT**
Marengo, Indiana



**FILED**
Dec 23 2014, 9:15 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES W. WRIGHT, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 13A01-1409-MI-402 |
| | ) | |
| WHITNEY TIMBERLAKE, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE CRAWFORD CIRCUIT COURT
The Honorable John T. Evans, Special Judge
Cause No. 13C01-1402-MI-2

**December 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Charles W. Wright, *pro se,* appeals the trial court's order granting a motion to dismiss filed by Whitney Timberlake. Wright raises three issues which we consolidate and restate as whether the trial court erred in dismissing Wright's petition seeking a preliminary injunction and declaratory judgment. We affirm.

FACTS AND PROCEDURAL HISTORY

On February 18, 2014, Wright filed a "Notice for Petition for Preliminary Injunction, Petition for Declaratory Judgment, and Motion for Findings of Fact and Conclusions of Law."[1] Appellant's Appendix at 1. After a number of other filings, the court held a hearing on February 24, 2014. That same day, the court notified Wright that his request for court action was premature, that Wright had an adequate remedy at law, that the county election board should hear the matter first, and that, upon the board's ruling, Wright could request a further hearing. On February 25, 2014, Wright filed a "Motion to Make Ex Parte Ruling Pursuant to Trial Rule 57 and Declaratory Judgment pursuant to IC 34-14-1-2 and Motion for Finding of Fact and Conclusions of Law." Id. at 2.

In March 2014, Wright filed a notice of appeal. Wright also filed a motion to consolidate appeals in cause number 13C01-1402-MI-002 and cause number 13A01-1403-MI-100 under appellate cause number 13A01-1403-MI-100. On April 21, 2014, this court entered an order requiring Wright to show cause why his appeal should not be

---

[1] The record does not contain a copy of Wright's February 18, 2014 filings, the notice of appeal filed in March 2014, or a number of Wright's other filings.

dismissed because it appeared to be a discretionary interlocutory appeal and he had failed to comply with Ind. Appellate Rule 14(B). On May 12, 2014, Wright filed a response. On May 22, 2014, this court entered an order dismissing the appeal with prejudice because Wright failed to show cause why the appeal should not be dismissed.

On May 29, 2014, Wright filed a "Request/Demand Pursuant to TR 79(H)." Id. at 6. On August 20, 2014, the court held a hearing at which Wright was present in person and Timberlake was present in person and represented by counsel.[2] That same day, the court entered an order granting Timberlake's motion to dismiss. The order states:

1. Petitioner Charles W. Wright ("Wright") initiated this case on or about February 18, 2014, seeking a preliminary injunction and a declaratory judgment concerning a challenge filed by Whitney Timberlake ("Timberlake") to Wright's January, 2014, Declaration of Candidacy for the office of Sheriff of Crawford County, Indiana, as a Republican candidate.

2. The procedural history, described in the Court's Chronological Case summary, includes: hearing before this Court February 24, 2014; Notice of Appeal filed by Wright March 13, 2014; order of the Court of Appeals dismissing said appeal, on or about May 29, 2014; and, appearance and qualification of Special Judge on or about July 1, 2014.

3. All pending matters came for hearing August 20, 2014. Wright was present in person and representing himself. Timberlake was present in person and with counsel . . . . Wright and Timberlake were sworn. Evidence and argument were presented.

4. The parties agree that Wright's petition raises two issues: whether Wright was properly affiliated, as that term is used by I.C. 3-8-2-7(a)(4), with the Republican Party of Crawford County, Indiana; and, whether Wright's Class "D" Felony conviction, subsequently

_____

[2] The record does not contain a copy of the transcript of the hearing.

3

reduced to a Class "A" misdemeanor, disqualified him from being a candidate pursuant to I.C. 3-8-1-5.

5.    At the August 20, 2014 hearing, Wright advised the Court that he concedes that his declaration of candidacy was not valid and that he was properly disqualified as a candidate, on the basis that he could not have been considered to have been affiliated with the Republican Party of Crawford County, Indiana, at the time. However, Wright requests this Court declare whether his previous felony conviction precludes him from being a candidate for an elected office.

6.    The Court declines to consider whether, had Wright been properly affiliated with the Republican Party, he would have been otherwise qualified, since he concedes he was not properly affiliated. Timberlake's motion to dismiss this matter is GRANTED.

7.    This is a final, appealable order there being not just reason for delay. The Clerk is directed to enter judgment of dismissal.

Id. at 7-8.

## DISCUSSION

Initially, we note that Wright is proceeding *pro se*. "An appellant who proceeds pro se is 'held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action.'" Thacker v. Wentzel, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (quoting Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev., 789 N.E.2d 486, 487 (Ind. Ct. App. 2003)). "It is well settled that the duty of presenting a record adequate for intelligent appellate review on points assigned as error falls upon the appellant, as does the obligation to support the argument presented with authority and references to the record pursuant to App. R. 46(A)(8)." AutoXchange.com, Inc. v. Dreyer & Reinbold,

4

Inc., 816 N.E.2d 40, 44 (Ind. Ct. App. 2004). This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." Foley v. Mannor, 844 N.E.2d 494, 496 n.1 (Ind. Ct. App. 2006).

We also observe that Timberlake did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes *prima facie* error. Zoller v. Zoller, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. Wright v. Wright, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002). Questions of law are still reviewed *de novo*, however. McClure v. Cooper, 893 N.E.2d 337, 339 (Ind. Ct. App. 2008).

The issue is whether the trial court erred in dismissing Wright's petition seeking a preliminary injunction and declaratory judgment. As noted earlier, Wright did not include copies of several of his filings including his petition for preliminary injunction or declaratory judgment. We note that this failure does not waive any issue or argument. See Ind. Appellate Rule 49(B) ("Any party's failure to include any item in an Appendix shall not waive any issue or argument."). While we decline to find that Wright's failure to include certain documents in his appendix results in waiver, we cannot say that Wright developed a cogent argument, cited to relevant authority, or cited to relevant portions of

5

the record to support his arguments. Wright's entire argument section consists of the following:

> IC 34-14-1-2[3] and the Court Order dated September 4th, 2008, specifically the wording elements **"REMOVING THE LEGAL DISABILITIES AND BARRIERS TO OPPORTUNITY INHERENT IN A FELONY CONVICTION"** is the controlling authority by which this case is governed. (see App. P 1 through 26)
>
> The trial Court should have issued a Declaratory Judgment as to Appellant Wright's Court Order dated September 4th, 2008, which establishes and guarantees by the wording elements **"REMOVING THE LEGAL DISABILITIES AND BARRIERS TO OPPORTUNITY INHERENT IN A FELONY CONVICTION",** FURTHER SUPPORTED by issuance the State of Indiana Handgun License and U.S. Department of Justice F.B.I. (N.I.C.S.) Division authorizing Appellant Wright to purchase and possess Firearms and Ammunitions. (see App. P 1 through 26)
>
> The Trial Court should have issued a Declaratory Judgment as to Appellant Wright's 2011 most recent voting history of which was marked "U" = Unknown, the burden of proof should and is incumbent upon the challenger and the benefit of Unknown should be in favor of Appellant.
> Assuming argument, on this issue is "MOOT", as the 2014 Primary Elections are over and any relief here on this issue cannot be had.

Appellant's Brief at 7.

In his argument section, Wright does not appear to challenge the trial court's order to the extent that the court declined "to consider whether, had Wright been properly affiliated with the Republican Party, he would have been otherwise qualified, since he concedes he was not properly affiliated." Appellant's Appendix at 8. And Wright does

---

[3] Ind. Code § 34-14-1-2 provides: "Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

not otherwise develop a cogent argument related to the court's order. Consequently, these arguments are waived. See Loomis v. Ameritech Corp., 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), reh'g denied, trans. denied; Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.").

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order.

Affirmed.

BAILEY, J., and ROBB, J., concur.